IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PATRICIA ANAYA and FELIX HECTOR ANAYA, parents and statutory beneficiaries of JENNIFER ANAYA LAZCANO,<br><br>Plaintiffs,<br><br>v.<br><br>JUAN C. ZAYAS-CASTRO, NERI LOGISTICS, LLC, BROWN INTEGRATED LOGISTICS, INC., UBER FRIEGHT US LLC, and TOSCA LTD.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT<br><br>Case No. 2:25-cv-01065-JNP-CMR<br><br>Chief Judge Jill N. Parrish |

Before the court is plaintiffs Patricia Anaya's and Felix Anaya's (collectively, the Anayas') motion to file a second amended complaint. Dkt. No. 73. The motion is GRANTED.

**BACKGROUND**

Jennifer Lazcano was killed in an automobile accident with a semitruck and trailer. Patricia and Felix Anaya are the parents of Lazcano and the personal representatives of her estate. The Anayas sued various defendants for negligence and wrongful death based on the accident.

In March 2026, defendant Uber Freight US LLC filed a motion to dismiss. On April 10, 2026, the Anayas moved to amend the complaint to correct the identity of Uber Freight. The court granted the unopposed motion to amend, and on April 15, 2026, the Anayas filed the amended complaint. Because the amended complaint was substantially identical to the original complaint, the Anayas filed a response to the motion to dismiss the original complaint on May 7, 2026. On May 14, 2026, the Supreme Court issued its decision in *Montgomery v. Caribe Transp. II, LLC*,

608 U.S. 219 (2026). This opinion resolved a circuit split in favor of the Anayas' claims in this action. In June 2026, Uber Freight filed a reply in support of its motion to dismiss. Uber Freight acknowledged that the *Montgomery* opinion precluded its preemption defense, which was the basis for its motion to dismiss. Instead, it raised new arguments for dismissal.

In September 2026, the Anayas filed the instant motion for leave to file a second amended complaint. They argue that amendment is required to clarify the factual allegations of the complaint in light of both *Montgomery* and the new arguments Uber Freight asserted in its reply brief. Uber Freight did not respond to the motion for leave to amend.

**ANALYSIS**

"The court should freely give leave [to amend pleadings] when justice so requires." FED. R. CIV. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citation omitted).

The court finds that justice requires leave to amend the complaint in this action. Because Uber Freight raised new arguments in its reply to its motion to dismiss, the Anayas should have an opportunity to plead additional facts to potentially address these concerns. This scenario is functionally identical to amendment in response to a motion to dismiss, which may be made as a matter of right under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. Moreover, by not responding to the motion to amend, Uber Freight has not carried its burden to show that leave to amend should be denied due to undue delay, undue prejudice, bad faith, or futility.

Accordingly, the motion for leave to amend is granted. The Anayas may file the proposed amended complaint attached to their motion by October 28, 2026. Upon filing of the amended complaint, the court will strike Uber Freight's motion to dismiss as moot.

DATED October 21, 2026.

BY THE COURT

Jill N. Parrish
Chief Judge, District of Utah